IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARDALE TICKLES,

    Petitioner,

v.

                             Civil Action No.: JKB-24-2196

MR. KEITH ARNOLD,
MARYLAND ATTORNEY GENERAL,

    Respondents.

## MEMORANDUM AND ORDER

Pending in this case are self-represented Petitioner Ardale Tickles's Motion for Subpoena Duces Tecum (ECF No. 4) and Respondents' Limited Answer asserting that the Petition for Writ of Habeas Corpus has been filed beyond the statute of limitations and is therefore time-barred (ECF No. 14). Respondents assert that Tickles has filed his petition beyond the one-year limitation period and that equitable tolling cannot serve as a basis for excusing the untimely filing, nor can he state an actual innocence claim. (ECF No. 14.) For the reasons that follow, the motion will be denied, and Tickles will be directed to show cause why the Petition should not be dismissed as untimely.

On March 13, 2000, Tickles entered a guilty plea to the first-degree murder of Sara Raras for which he received monetary payment from Ms. Raras' former mother-in-law, Emilia Raras. (ECF No. 14-2 (guilty plea transcript).) Respondents explain that following the guilty plea, Tickles was sentenced to a consecutive life sentence on July 11, 2000. (ECF No. 14-3 at 96 (sentencing transcript).) Tickles did not file an application for leave to appeal his guilty plea.

On August 12, 2002, Tickles filed a pro se petition for post-conviction relief in the Circuit Court for Howard County, which was withdrawn as of June 4, 2003. (ECF No. 14-1 at 36-38 (pro

se motion to withdraw); at 39-40 (counseled motion); at 41 (Order granting withdrawal without prejudice).) On January 23, 2009, Tickles filed a petition to re-open his post-conviction petition, asserting (1) that defense counsel was ineffective for failing to investigate the case and to use Tickles' mental health issues to develop a defense strategy and (2) that the court erred when it accepted the guilty plea. (ECF No. 14-1 at 54-59 (pro se petition), *see also* ECF No. 14-1 at 71-73 (counseled petition); at 60-70 (State's Answer and Supplemental Answer).) After a July 30, 2010 post-conviction hearing, the post-conviction court issued an opinion on March 29, 2011 denying all relief. (ECF No. 14-1 at 80–160.) Tickles filed an application for leave to appeal the denial of post-conviction relief on April 14, 2011, which the Appellate Court, formerly the Court of Special Appeals, summarily denied on August 28, 2012. (ECF No. 14-1 at 165–71 (application for leave to appeal); 172–74 (Appellate Court's denial and Mandate).)

Under the provisions of 28 U.S.C. § 2244, the one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). It is Respondents' position, and this Court agrees, that the petition filed with this Court should have been filed on or before one-year after July 11, 2000, the date Tickles's conviction became final, to be timely. The Petition, however, was filed on July 19, 2024.

Further, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Here, however, Tickles did not file his first post-conviction petition until after one-year limitations date had passed and it therefore did not toll the one-year limitations period.

"[T]he one-year limitation period is also subject to equitable tolling in 'those rare instances where' due to circumstances external to the party's own conduct 'it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, Tickles in the instant case must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances beyond his control caused the delay. *See Harris*, 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where— due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

Additionally, a cognizable claim of actual innocence may serve as a gateway to consideration of the meris of a petition that is otherwise time-barred. Actual innocence is an "equitable *exception* to § 2244(d)(1), not an extension of the time statutorily prescribed." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (emphasis in original). "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits . . . notwithstanding the existence of a procedural bar to relief." *Id.* at 392. The merits of a petition

which is concededly time-barred, may be reached if "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see Schlup*, 513 U.S. at 324 ("To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.").

The Fourth Circuit has made it clear that, prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F. 3d at 708. The Court will therefore direct Tickles to show cause why the Petition should not be dismissed as untimely.

In addition, Tickles seeks to subpoena various psychiatric records from different treatment facilities where he received residential treatment prior to his current incarceration. (ECF No. 4.) He references his psychiatric history as "newly discovered" evidence and claims that his trial attorney should have introduce these records in a trial. (*Id.*) The Court will deny this motion.

Accordingly, it ORDERED by the United States District Court for the District of Maryland that:

1. The Motion for Subpoena Duces Tecum (ECF 4) is DENIED;

2. Tickles IS GRANTED 28 days from the date of this Order to SHOW CAUSE why the Petition should not be dismissed as untimely;

3. Tickles IS FOREWARNED that failure to respond to this Order will result in dismissal of his Petition without further notice; and

4. The Clerk SHALL PROVIDE a copy of this Order to Tickles and counsel for Respondents.

Dated this  18  day of November, 2024 .

                                        FOR THE COURT:

                                        James K. Bredar  
                                        United States District Judge