IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARDALE TICKLES,

    Petitioner,

    v.

MR. KEITH ARNOLD,
MARYLAND ATTORNEY GENERAL,

    Respondents.

Civil Action No.: JKB-24-2196

**MEMORANDUM OPINION**

On November 19, 2024, this Court issued a Memorandum and Order directing Petitioner Ardale Tickles to show cause why this Petition for Writ of Habeas Corpus should not be dismissed as untimely. (ECF No. 15.) Tickles filed his response on December 9, 2024, asserting: (1) he never pleaded guilty to the State's version of the facts read at the plea proceeding and he is therefore actually innocent and (2) he was taking psychiatric medications at the time which "could have impaired his competency" at the time of the proceeding. (ECF No. 16.) For the reasons that follow, this Court finds that Tickles has not made a plausible showing of actual innocence such that the merits of his time-barred claims may be considered. The petition must therefore be dismissed and a certificate of appealability shall not issue.

**I.    Background**

On March 13, 2000, Tickles entered a guilty plea in the Circuit for Howard County to the first-degree murder of Sara Raras. (*See generally* ECF No. 14-2 (guilty plea transcript).) A lengthy voir dire took place first between Tickles and his attorney and then between Tickles and the court ensuring, among other things, that he understood the nature of the proceedings, he was entering the guilty plea voluntarily, and he was not under the influence of any drugs, alcohol, or

psychotropic medications at the time of his plea. (*Id.* at 4–33.) After establishing that Tickles understood what he was doing and, in fact, had convinced his attorney that he preferred entering a guilty plea to proceeding to a jury trial because he wished to express his remorse for the crime (*id.* at 31–33), the State presented the facts that would have been established through evidence available to be presented at trial. (*Id.* at 33–44.) While it is true that the court did not ask Tickles to confirm that the State's presentation of the available evidence was accurate, his attorney was asked if there were "any correction, addition, deletions" as to the "substantial facts in the case" and none were offered. (*Id.* at 43.) Further, Tickles agreed earlier in the allocution between himself and his lawyer that he "will be admitting to the facts that the State . . . read[s] into the record in support of the charge of first-degree murder." (*Id.* at 12–13.)

Tickles was sentenced on July 11, 2000. (ECF No. 14-3 (sentencing transcript).) During that proceeding, Tickles was given an opportunity to address the court. Tickles read a letter he wrote to the family of the victim expressing his abject remorse for having murdered her. (*Id.* at 83–92.) Other testimony was also offered by the defense stating that Tickles had expressed his regret and remorse for having committed the crime. (*Id.* at 35–36; 61–62.)

Tickles was sentenced to serve a life sentence, and he did not file an application for leave to appeal his guilty plea. On August 12, 2002, Tickles filed a pro se petition for post-conviction relief in the Circuit Court of Howard County which was withdrawn as of June 4, 2003. (ECF 14-1 at 36–38 (pro se motion); 39–40 (counseled motion to withdraw); 41 (order granting withdrawal without prejudice).)

Tickles filed a petition to re-open his post-conviction petition on January 23, 2009, asserting defense counsel was ineffective for failing to investigate the case and to use Tickles' mental health issues to develop a defense strategy, and that the court erred when it accepted the

guilty plea. (ECF 14-1 at 54–59 (pro se petition), *see also* ECF 14-1 at 71–73 (counseled petition) 60–70 (State's answer and supplemental answer).)

After a July 30, 2010 hearing, the post-conviction court issued an opinion on March 29, 2011 denying all relief. (ECF 14-1 at 80–160 (post-conviction decision).) Tickles filed an application for leave to appeal the denial of post-conviction relief on April 14, 2011, which the Appellate Court of Maryland, formerly known as the Court of Special Appeals, summarily denied on August 28, 2012. (ECF 14-1 at 165–71 (application for leave to appeal); 172–74 (Appellate Court's denial and mandate).)

## II. Discussion

Despite his unsupported assertions otherwise, Tickles' conviction is governed by the provisions in Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] Under the provisions of 28 U.S.C. § 2244, the one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Tickles' conviction occurred after AEDPA became effective on April 24, 1996, but even if it had not been final, persons whose convictions were finalized before that date had one year from the effective date, *i.e.*, until April 24, 1997, to file a petition for writ of habeas corpus in federal court. *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000) (clarifying the filing deadline as April 24, 1997).

28 U.S.C. § 2244(d)(1).

For purposes of seeking federal habeas relief, Tickles' criminal conviction became final on August 11, 2000.[2] Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Here however, Tickles did not file his first post-conviction petition until after the one-year limitations date had passed and that petition therefore did not toll the one-year limitations period.

Tickles raises a claim of actual innocence as a gateway to consideration of the meris of his petition that is otherwise time-barred. Actual innocence is an "equitable *exception* to § 2244(d)(1), not an extension of the time statutorily prescribed." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (emphasis in original). "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief." *Id.* at 392. The merits of a petition which is concededly time-barred may be reached if "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Examples of the type of new evidence that have been found to satisfy the actual innocence gateway standard include: (1) new DNA evidence and expert testimony "call[ing] into question" the "central forensic proof connecting [the petitioner] to the crime," as well as "substantial evidence pointing to a different suspect," *House v. Bell*, 547 U.S. 518, 540-41 (2006); (2) "sworn statements of several eyewitnesses that [the petitioner inmate] was not involved in the crime" and affidavits "that cast doubt on whether [the petitioner inmate] could have participated" in the offense, *Schlup*, 513 U.S. at 331; (3) a third party's consistent and repeated statement that the third party committed the

---

[2] Tickles was sentenced on July 11, 2000, and did not file an appeal. Therefore, his sentence was final on the date that his time for filing an appeal expired, 30 days later. Md. Rule 8–202.

offense, *Jones v. McKee*, No. 08 CV 4429, 2010 WL 3522947, at *9–10 (N.D. Ill. Sept. 2, 2010); *Carringer v. Stewart*, 132 F.3d 463, 478–79 (9th Cir. 1997) (finding that the petitioner opened the actual innocence gateway where another person testified under oath that he committed the offense and separately boasted to other individuals that he set-up the petitioner); and (4) documentary evidence indicating that the petitioner was in another country on the day of the offense and five affidavits from individuals stating that the petitioner was outside the country at the precise time of the offense, *see Garcia v. Portuondo*, 334 F. Supp. 2d 446, 452-56 (S.D.N.Y. 2004). *See generally Schlup*, 513 U.S. at 324 (providing the Supreme Court's statement that examples of sufficient new reliable evidence for a gateway claim include "exculpatory evidence, trustworthy eyewitness accounts, or critical physical evidence").

Tickles' actual innocence claim is based on his allegation that he was not criminally responsible for his actions due to a mental disorder and his additional claim that he never pled guilty to the charge of first-degree murder of Sara Raras. (ECF No. 16 at 1–2.) As demonstrated by the transcripts and other records submitted by Respondents, evidence of Tickles' mental health issues is not new evidence. (*See e.g.*, ECF No. 14-1 at 95-114 (post-conviction decision); ECF No. 14-3 at 19–48 (testimony of Pamela Taylor at sentencing).) Because this "evidence" is not new, it does not shed any new light on the validity of the guilty plea or the proceedings that took place, and it does not serve as an adequate gateway to excuse the untimeliness of the Petition.

Tickles also asserts what he describes as an equitable tolling claim, that the State has not "obtained an adequate guilty plea" regarding who he murdered. (ECF No. 16 at 3–4.) He claims that "still 'til this very day the State has yet to establish a murder guilty plea conviction out of the petitioner" and asserts that the one-year limitations period has therefore not started to run. (*Id.* at 4.) Tickles appears to rely on semantics to argue that he never confessed at the plea hearing to

murdering Sara Raras. He now claims that his failure to state what is obvious from the transcript somehow means that he has spent the last twenty-five years in prison serving a life sentence for a non-existent murder conviction. (*Id.* at 6.)

The habeas "limitation period is also subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). To be entitled to equitable tolling, a federal habeas petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F.3d at 330. This Court must decline the invitation extended by Tickles to overlook the entire record of his guilty plea proceeding. It is clear that Tickles entered a guilty plea that was voluntary and knowing and that the plea was a plea of guilt to the murder of Sara Raras. The claims asserted in the untimely petition may therefore not be addressed by this Court and must be dismissed.

### III. Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). The Court concludes that a certificate of appealability should not issue. Tickles may still request that the United States Court of Appeals for the Fourth

Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order follows.

Dated this 22 day of April, 2025.

FOR THE COURT:

/s/ James K. Bredar

James K. Bredar
United States District Judge
